IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                    4:20-CR-00204-BSM

REGINALD LAMONT HARRIS                                               DEFENDANT

## FINAL JURY INSTRUCTIONS

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED
JAN 3 0 2023
IN OPEN COURT
TAMMY H. DOWNS
By:_____
DEPUTY CLERK

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated -- this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.     Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Anything you saw or heard about this case outside the courtroom is not evidence.

INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 5

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 6

The Indictment charges Reginald Lamont Harris with being a felon in possession of a firearm or ammunition. Harris has pleaded not guilty to this charge.

As I told you at the beginning of the trial, an indictment is simply the document that formally charges a defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Harris to be innocent. Thus, he began he began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the Harris not guilty and can be overcome only if the United States proves, beyond a reasonable doubt, each essential element of the crime charged.

## INSTRUCTION NO. 7

There is no burden upon Harris to prove that he is innocent. Instead, the burden of proof remains on the United States throughout the trial. Accordingly, the fact that Harris did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

INSTRUCTION NO. 8

A reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO.  9

The crime of being a felon in possession of a firearm, as charged in Count 1 of the Indictment, has four elements, which are:

*One,* prior to August 27, 2019, Harris had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Two*, at the time of the charged act, Harris knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Three*, on or about August 27, 2019, Harris knowingly possessed a firearm, that is: a Smith  & Wesson, model Bodyguard, .380-caliber handgun, bearing serial number KEE4045; and

*Four*, the firearm was transported across a state line at some time during or prior to Harris's possession of it.

If all four elements have been proved beyond a reasonable doubt, then you must find Harris guilty. If any element has not been proved beyond a reasonable doubt, then you must find Harris not guilty.

## INSTRUCTION NO.  10

The crime of being a felon in possession of ammunition, as charged in Count 1 of the Indictment, has four elements, which are:

*One,* prior to August 27, 2019, Harris had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Two*, at the time of the charged act, Harris knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Three*, on or about August 27, 2019, Harris knowingly possessed or one or more rounds of Federal .380-caliber ammunition; and

*Four*, the ammunition was transported across a state line at some time during or prior to Harris's possession of it.

If all four elements have been proved beyond a reasonable doubt, then you must find Harris guilty. If any element has not been proved beyond a reasonable doubt, then you must find Harris not guilty.

INSTRUCTION NO.  11

Count 1 of the Indictment charges Harris with two separate crimes: 1) being a felon in possession of a firearm; and 2) being a felon in possession of ammunition. Because these are two separate offenses, the government does not have to prove that Harris possessed both a firearm and ammunition. You have two verdict forms and must reach separate determinations as to whether Harris possessed a firearm and whether he possessed ammunition.

You are instructed that the government and Harris have agreed that prior to August 27, 2019, Harris had been convicted of a crime punishable by imprisonment for more than one year, and you must consider the first element as proven.

You are instructed that the government and Harris have agreed that prior to and at the time of the charged act on August 27, 2019, Harris knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and you must consider the second element as proven.

You are instructed that the government and Harris have agreed that prior to and at the time of the charged act on August 27, 2019, Harris knew that he had previously been convicted in Pulaski County Circuit Court in case numbers CR-93-2343 (count 1), CR-93-2343 (count 3), CR-2001-3167, and CR-14-3701, and each of the offenses were committed on occasions different from one another.

-11-

If you have found beyond a reasonable doubt that the firearm or ammunition in question was manufactured in a state other than Arkansas or outside the United States and that Harris possessed that firearm or ammunition in the state of Arkansas, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

If all of these elements have been proved beyond a reasonable doubt as Harris then you must find him guilty of the crime charged under Count 1; otherwise, you must find Harris not guilty of this crime.

INSTRUCTION NO. 12

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 13

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

-14-

INSTRUCTION NO. 14

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

INSTRUCTION NO. 15

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Harris is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.